2003 ME 141

**Lorraine JOHNSON**

v.

**SOUTHERN CONTAINER CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 5, 2003.
Decided: Dec. 8, 2003.

James MacAdam, Anna Priluck (orally), MacAdam Law Offices, Portland, for the employee.

Darby Urey (orally), Robinson, Kriger & McCallum, Portland, for the employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Lorraine Johnson, a former employee of Southern Container Corporation, appeals from the decision of a hearing officer of the Workers' Compensation Board (*McCurry, HO*) in which the hearing officer allowed Southern Container to set off a retirement benefit that Johnson currently receives from a previous employer, Weyerhaeuser, Inc., against Johnson's workers' compensation benefits from Southern Container. Johnson contends that the hearing officer erred in concluding that Southern Container was entitled to the setoff. We conclude that the record is devoid of any evidence justifying the setoff, and we therefore vacate the decision of the hearing officer.

## I. BACKGROUND

[¶ 2] Lorraine Johnson worked for Weyerhaeuser beginning in 1973, and, with one brief break, from 1977 through 1994. In 1994, Southern Container apparently purchased Weyerhaeuser's Westbrook facility. Johnson continued working at the facility in the same capacity and maintaining her seniority, until she was laid off by Southern Container in 2001.

[¶ 3] Johnson receives workers' compensation benefits from Southern Container as a result of a work-related injury that occurred in February of 1999. After she was laid off by Southern Container in January of 2001, she applied for a pension

from Weyerhaeuser.[1] In determining her post-layoff workers' compensation benefit, the hearing officer concluded that Southern Container had purchased all the "assets and liabilities" of Weyerhaeuser and was therefore entitled to offset the pension benefits that Johnson was receiving from Weyerhaeuser. Johnson sought appellate review from this decision and we granted her petition. *See* 39–A M.R.S.A. § 322 (2001).

## II. DISCUSSION

[¶ 4] The Workers' Compensation Act requires the coordination of certain benefits, including retirement benefits. *See* 39–A M.R.S.A. § 221 (2001). Specifically, the Act provides that workers' compensation benefits must be reduced by retirement or pension payments when those payments are "received pursuant to a plan or program *established or maintained by the same employer* from whom benefits ... are received," if the employee did not contribute to the retirement plan. 39–A M.R.S.A. § 221(3)(A)(4) (2001) (emphasis added).

[¶ 5] Johnson is receiving retirement benefits, and the parties do not dispute that coordination of benefits, or more specifically, an offset against her workers' compensation benefits, would be required if that retirement plan fell within the description of section 221(3)(A)(4). Thus, if Southern Container had presented credible evidence that Johnson's retirement benefits are generated from a plan that had been established or maintained by Southern Container, the hearing officer would have correctly provided for an offset.

[¶ 6] The evidence on which the hearing officer granted the offset did not, however, address that crucial question: whether the Weyerhaeuser pension had been established or maintained by Southern Container. Instead, the hearing officer found that because "Southern Container purchased Weyerhaeuser and all of its assets and liabilities; it is entitled to the setoff." That conclusion is legally flawed for two reasons.

[¶ 7] First, although Southern Container's counsel represented that Southern Container and Weyerhaeuser "are successor companies," Southern Container offered no evidence regarding the nature of its succession to Weyerhaeuser's business, nor did it offer evidence regarding an asset and liability purchase. Second, it is not possible to discern from the record what is meant in this instance by successor corporation. The hearing officer apparently understood it to mean that Southern Container had purchased some or all of Weyerhaeuser's assets along with the responsibility for Weyerhaeuser's liabilities, but such a purchase may occur under any number of circumstances and does not, as a general description, provide facts regarding the specific inquiry required by the statute: whether the successor corporation maintained or established the pension at issue. The record is simply devoid of any fact regarding the extent of Southern Container's purchase of Weyerhaeuser's assets and liabilities as it related to the Weyerhaeuser pension plan.[2]

[¶ 8] Because the hearing officer failed to determine whether Southern Container established or maintained the pension, and there is no evidence in the record on the

---

1. Johnson understands that she paid an early retirement penalty for drawing the Weyerhaeuser pension early.

2. Indeed, the only evidence in the record on this issue was offered by Johnson herself who indicated that the Weyerhaeuser pension was separate from a pension she had accumulated at Southern Container.

question of Southern Container's responsibility for, or connection to, the Weyerhaeuser pension, the hearing officer erred as matter of law in concluding that an offset was available to Southern Container for the amount of the Weyerhaeuser pension.

The entry is:

Decision of the hearing officer is vacated and remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.